GEORGE REISCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FLORENZ N. GADERT AND MARIE GADERT, HIS WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALBERT REISCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35346, 35409, 35600.   Promulgated February 5, 1931.

*A. M. Fitzgerald, Esq.*, and *Robert Bacchus, C. P. A.*, for the petitioners.

*Harold Allen, Esq.*, for the respondent.

**OPINION.**

TRUSSELL: The petitioners in these three proceedings contend that the net losses sustained by them in 1922 constituted statutory net losses within the meaning of section 204 (a) of the Revenue Act of 1921 and that the respondent erred in not allowing such net losses

to be applied against the net incomes of the succeeding taxable years, 1923 and 1924, as provided for by section 204 (b) of the said act.

George Reisch was engaged as the manager and director of the brewing business and certain allied interests. The sale of a portion of his stock, representing his investment in the brewery business, was not an incident of that business and the net loss sustained did not result from the operation of a trade or business regularly carried on. The loss resulted from an isolated transaction and the determination of the respondent must be sustained. Cf. *Albert T. Scharps*, 20 B. T. A. 246; *Wyatt C. Hedrick*, 20 B. T. A. 258; *Kearsley Mitchell*, 19 B. T. A. 83, and the authorities cited therein.

With respect to the other petitioners, the only testimony submitted was that of the accountant who prepared their tax returns, and he testified merely as to what was shown by the figures and records submitted to him. Even if sufficient evidence had been submitted to establish, or to enable the Board to compute, the amount of the net loss sustained in 1922, our decision would be the same as that with respect to George Reisch.

*Judgment will be entered for the respondent.*